# EXHIBIT A

𝔖upreme 𝔈ourt of the 𝔖tate of 𝔑ew 𝔜ork
𝔈ounty of NEW YORK

JAMES MAHONEY, as the Director and on behalf of the TRANSPORT WORKERS UNION RETIREES ASSOCIATION,

            Plaintiff(X)

against

J.J. WEISER AND COMPANY, INC.,

            Defendant(S)

Index No. 05602751
Date purchased 7/28/05

Plaintiff(s) designate(s)
**New York**
County as the place of trial.

The basis of the venue is

𝔖ummons

Plaintiff(s) reside(s) at
80 West End Avenue
New York, NY 10023
County of New York

To the above named Defendant(s)

  𝔜ou are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated. July 25, 2005

Defendant's address:
 131 Mineola Boulevard
 Mineola, NY 11501

Notice: The nature of this action is breach of fiduciary duty, deceptive business practices, and other causes of action.

The relief sought is audit, damages and other relief.

KENNEDY, JENNIK & MURRAY, P.C.

Attorney(s) for Plaintiff

Office and Post Office Address
113 University Place
New York, NY 10003
(212) 358-1500

Upon your failure to appear, judgment will be taken against you by default for the sum of $ with interest from           and the costs of this action.

KENNEDY, JENNIK & MURRAY, P.C.
113 University Place, 7th Floor
New York, New York 10003
(212) 358-1500
Thomas M. Kennedy (TK-0993)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------x
JAMES MAHONEY, as the Director and on
behalf of the TRANSPORT WORKERS
UNION RETIREES ASSOCIATION,

                        Plaintiff,        COMPLAINT

      - against -                  JURY TRIAL DEMANDED

J.J. WEISER AND COMPANY, INC.,

                        Defendant.
----------------------------------------x

The Plaintiff, by his attorneys, Kennedy, Jennik & Murray, P.C., alleges as follows:

## Introduction

1. Plaintiff JAMES MAHONEY, as Director and on behalf of the TRANSPORT WORKERS UNION RETIREES ASSOCIATION (the "Association") sued Defendant J.J. WEISER AND COMPANY, INC. ("Weiser") in the United States District Court for the Southern District of New York in a case entitled <u>Toussaint et al. v. J.J. Weiser & Company</u>, 04 Civ. 02592 (MBM) (the "federal litigation"). By Opinion and Order dated February 13, 2005, a copy of which is annexed hereto as Exhibit A, the court in the federal litigation dismissed various causes of action by Plaintiff against Defendant under New York State law (the "state causes of action") on the grounds that these state causes of action are preempted by the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* because Weiser is deemed, at this stage in the

federal litigation, to be a fiduciary under ERISA with respect to the benefit plan (the "Plan"), to which the Association serves as sponsor and to which Weiser served as broker and administrator. In the federal litigation, Weiser denied its fiduciary status under ERISA, and the Court denied Weiser's motion to dismiss the federal litigation. The present action asserts the state causes of action against Weiser if, or in the event that, the court in the federal litigation ultimately determines that Weiser was not an ERISA fiduciary with respect to the Plan and that the state causes of action are therefore not preempted by ERISA.

2. In the federal litigation, Plaintiff urges that Weiser was a fiduciary with respect to the Plan. In the current action before this Court, Plaintiff exercises the right to plead in the alternative or hypothetical and preserve all rights in the event that the federal litigation results in an outcome opposite to Plaintiff's allegations therein, pursuant to New York Civil Practice Law and Rules ("CPLR") 3002 and 3014.

### Parties

3. The Association is an unincorporated organization of retired transit workers and their spouses under the laws of New York State. The Association is located at 80 West End Avenue, New York, New York 10023. The Association is affiliated with Local 100, Transport Workers Union, AFL-CIO (the "Union") and sponsored an "employee welfare plan" within the meaning of 29 U.S.C. § 1002(1) and (3) for the purpose of providing for its participants and their beneficiaries medical and hospital benefits as well as benefits in the event of sickness, accident or disability. Plaintiff **JAMES MAHONEY** ("Mahoney") is a Director and a fiduciary of the Plan.

-2-

4.   Weiser is a corporation organized under the laws of the State of New York and an insurance broker and registered securities representative licensed to provide insurance brokerage services in New York State. Weiser is located at 131 Mineola Boulevard, Mineola, New York, 11501.

### Facts Relevant to All Causes of Action

5.   Weiser overcharged and bilked the Association and its members for insurance benefits provided through the Plan.

6.   On or about January 1, 1978, the Union obtained an insurance policy from Weiser entitled "Limited Medical Expense and Accidental Death and Dismemberment Policy" (the "Policy") that promised certain benefits to members of the Association who were certificate holders under the Policy.

7.   The Association has approximately 8,000 members and all of them are certificate holders in the Policy.

8.   Association members paid dues of $75 per year for family membership and dues of $45 per year for a single membership. Of that amount, Weiser received $65 per year for each participating family and $35 per year for each single participant as premiums for benefits through Interboro Mutual Insurance Company. The total premiums paid per year to Weiser was approximately $350,000.

9.   The Policy provided several lines of coverage. Part I offered reimbursement for out of pocket costs for blood replacement (currently up to $25), cost of oxygen and the rental of crutches, wheelchairs, and hospital equipment for home use. Part II offered accidental death and

dismemberment coverage which is currently in the amount of $2,000. Part III offered Hospital Income Benefits of $75 per week for stays in acute care hospitals and $37.50 for up to four weeks of convalescent care. Further, approximately 85 Association members paid an additional $240 per year and received a higher scale of benefits.

10. The benefits offered under the Policy did not provide a meaningful benefit to Association members in comparison to the premiums charged.

11. Weiser did not provide the claims and expense experiences for the years 2001, 2002, and 2003 until January 8, 2004.

12. In 2001, there were 250 claims under the Policy for which a total of $41,842 in claims was reimbursed. Weiser did not furnish information regarding any mailing or administrative expenses for the 2001 year.

13. In 2002, there were 163 claims under the Policy for a total of $16,047 in reimbursed claims. Weiser did not furnish information regarding any mailing or administrative expenses for the 2002 year.

14. In 2003, there were 150 claims under Policy for which a total of $14,257 in claims was reimbursed. In addition, Weiser claimed mailing expenses of $7,950 for the 2003 coverage year.

15. The total claims experience and expenses reported by Weiser for those three years totaled $80,096. Association members, on the other hand, paid premiums of approximately $1,050,000 for those same three years. Weiser has realized millions of dollars in unconscionable profits by retaining over 80% of the premiums paid under the policy, by failing to pay any dividends to the Policy holders and by misrepresenting and failing to advise the Association or its members of actual expenses under this Policy.

16.   On or about October 8, 1991, Weiser contributed a portion of the premiums paid to Weiser in the amount of $1,000 to a reelection campaign for the then President of the Union, Sonny Hall ("Hall"). On information and belief, such payments and other gifts continued from 1991 through a point in 2002 during the time agents and representatives of Hall controlled the operation of the Association. At no time were the members of the Association informed that Weiser was providing these kickbacks.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF FIDUCIARY DUTY

17.   Weiser breached its fiduciary duty to the Association and its members under the New York State Insurance Law § 2120(a) and (c). Weiser was instrumental in the administration of the Association and in control of its affairs concerning the Policy. By its dominance of the Association's Policy, Weiser entered into an exceptional and particularized situation in which through its conduct or by implied contract, Weiser assumed or acquired duties in addition to those fixed at common law.

18.   Weiser controlled all aspects of the Policy, writing letters to members, collecting premiums, handling enrollment, and making claim determinations. In addition to the normal duties and responsibilities of a broker, Weiser assumed a responsibility for soliciting members of the Association, undertook to communicate with members concerning the Policy, established the benefits due under the Policy and determined whether to seek a dividend under the Policy. This created a "relationship of trust" between the insureds and an insurance broker giving rise to a duty to disclose information, specifically the overpayment of premiums and right to dividends, under New York Insurance Law, which Weiser breached.

-5-

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR DECEPTIVE BUSINESS PRACTICES

19. Weiser committed deceptive business acts and engaged in deceptive business practices under the New York State's General Business Law § 349(a) by imposing grossly excessive premiums charges for the Policy and by actively concealing from and by failing to inform the Plaintiffs that the premiums paid for the Policy were grossly in excess of the benefits paid under the policy and any expenses incurred as a result of the policy. Weiser communicated directly to Association members. The Association has approximately 8,000 members. The information provided and withheld by Weiser was misleading in a material respect.

20. Weiser further engaged in deceptive business practices and acts by paying kickbacks to officers of the Union and the Director of the Association under the Hall administration that were concealed from the members of the Association.

21. The Association was injured by these practices because it paid the vast bulk of its revenue from member's dues to Weiser instead of being able to utilize those monies to provide better insurance or other programs for its membership. It further required subsidies from the Union. The members of the Association were injured by these practices because they paid grossly excessive premiums for the Policy, and because they were deprived of the additional benefits or returned dividends they should have received as Policy holders.

22. Plaintiff seeks recovery of attorneys fees, interest and costs and such other relief as may be available under New York State law to remedy unfair business practices.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR BREACH OF CONTRACT

23. Weiser was party to a contract with the Association under which it agreed to fully disclose all relevant information concerning the insurance benefits supplied and in which it further agreed to provide insurance benefits reasonably related to the amount of premiums.

24. Weiser breached that contract by actively concealing from and by failing to disclose that the premiums paid for the Policy were grossly excessive compared to the benefits being provided and the expenses incurred.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR BREACH OF IMPLIED CONTRACT

25. Weiser was party to an implied contract with the Plaintiffs under which it agreed to fully disclose all relevant information concerning the insurance benefits it supplied and in which it further agreed to provide insurance benefits reasonably related to the amount of premiums paid.

26. Weiser breached that implied contract by actively concealing and by failing to disclose that the premiums paid for the Policy were grossly excessive compared to the benefits being provided and the expenses incurred.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

27. In the alternative, Weiser was unjustly enriched by obtaining a benefit in the form of grossly inflated premiums without adequately compensating the Association or its members for conferring that benefit. The Association members conferred a benefit on Weiser by purchasing the

Policy at a premium rate in excess of its real value. By overcharging and failing to provide dividends, Weiser obtained a benefit without adequate compensation. It is unjust for Weiser to retain this exorbitant consideration.

28. Weiser should not be permitted to retain the excessive premiums it took under principles of equity and good conscience.

### AS AND FOR A SIXTH CAUSE OF ACTION
### FOR UNCONSCIONABILITY

29. Weiser's actions were unconscionable. Weiser assumed a responsibility for soliciting members of the Association, undertook to communicate directly with members concerning the Policy, established the benefits due under the Policy and determined whether to pay a dividend under the Policy. Weiser actively concealed from and failed to inform the Association and its members that the premiums paid for the Policy were grossly in excess of the benefits paid under the policy and any expenses incurred as a result of the policy.

30. The Association and its members lacked any meaningful choice in the contract, the insurance premiums, and the services provided by Weiser. Significantly, they did not participate in negotiating the premium rates for the hospital income and limited medical expense policy. When Plaintiff contacted Weiser to determine the benefits offered in exchange for the premium payments, he was presented with undated Letter of Engagement between Weiser and the Association in 2003 which purports to reflect an agreement.

31. The 2003 Letter of Engagement permitted Weiser to control the billing and mailing services as well as the billing service, claim service and related software support. The Letter of

Engagement lacked any agreement to receive dividends in the event of positive experience of the insured group. The purported Letter of Engagement demonstrates the unconscionable arrangement imposed by Weiser.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION

32. Weiser's actions constitute negligent misrepresentation. Weiser advised the Association that the premiums being charged were proportional to the benefits being provided to the retirees. Weiser then concealed the lack of claims and expenses under the Policy, and failed to inform the Association of the lack of claims, the grossly inflated premiums, or the right to dividends.

33. The Association relied upon those assurances in continuing these policies. Further, there was a closer degree of trust between Weiser and the Association than the ordinary buyer and seller, as Weiser exercised greater control over the administration of the Policy. Weiser's actions caused a loss to the Association and its members of approximately $2.1 million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Compel Weiser to submit to an audit of the premiums it received in connection with the Policy;

2. Enter judgment against Weiser in an amount of money equal to the damages Plaintiff suffered as a result of the conduct by Weiser;

-9-

3. Enter an order retaining jurisdiction for the purpose of assuring that Weiser complies in all respects with the orders of this Court;

4. Enter judgment upon the conclusion of the trial of this action, declaring the rights of the parties;

5. Award Plaintiff his attorneys fees, litigation expenses and costs; and

6. Grant such other and further relief as is just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: July 25, 2005

KENNEDY, JENNIK & MURRAY, P.C.
Attorneys for Plaintiff

Thomas M. Kennedy (TMK-0993)
113 University Place
New York, N.Y. 10003
Tel. (212) 358-1500