# KENNEDY, JENNIK & MURRAY, P.C.
## ATTORNEYS AT LAW
113 UNIVERSITY PLACE
NEW YORK, NEW YORK 10003
(212) 358-1500

FACSIMILE (212) 358-0207

THOMAS M. KENNEDY
SUSAN M. JENNIK
THOMAS M. MURRAY
OF COUNSEL:
LARRY MAGARIK

ELIZABETH M. PILECKI (NJ, MA)
RACHEL A. KIRTNER (OR)
OMAR A. JOSEPH (MA, D.C.)
CHRISTOPHER G. GANT (NJ ONLY)
WILLIAM G. SCHIMMEL (IL, MI, NJ)
BERNHARD W. ROHRBACHER (CA ONLY)

November 6, 2007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-16-07
```

**By Facsimile Transmission**
Hon. Victor Marrero, U.S.D.J.
United States Courthouse
40 Foley Square, Room 660
New York, NY 10007

Re:    **Mahoney v. J.J. Weiser and Company, Inc., 05-CV-07117 (VM)**

Dear Judge Marrero:

I write as counsel to Plaintiff in the above-referenced case to request that you consider this the response to your Orders, dated April 30 and June 18, 2007 or, in the alternative, that you grant Plaintiff permission to move to continue or restore this action to the suspension docket. This case is related to another case before you, Mahoney, et al. v. Weiser, et al., 04-CV-2592 (VM) (HBP) ("Mahoney I").

Mahoney I is an action for breach of fiduciary duty against the administrator of an employee benefit plan, among others. The case was originally assigned to Judge Michael B. Mukasey, who dismissed Plaintiffs' state causes of action but not Plaintiffs' ERISA claims. Plaintiff then filed the instant case, Mahoney II, in state court. Defendant removed this case to federal court where it was also assigned to Judge Mukasey who, on October 18, 2005, placed Mahoney II on suspense, pending the outcome of Mahoney I.

Although the Docket sheet lists documents filed by this firm on behalf of Plaintiff in Mahoney I, this firm was never entered as counsel to Plaintiff on the Docket Sheet. See Docket Sheet, Nos. 2 and 5. Consequently, this firm did not receive copies of Your Honor's Orders dated April 30 and June 18, 2007 ("Orders") and did not respond to the direction of those Orders that Plaintiffs clarify the status of this action. Counsel for Plaintiff recently became aware of these Orders on the docket, and now asks permission that this letter be considered the clarification of the status of the action, as directed by the Orders.[1]

---

[1] It is not clear that Mahoney I was entered as dismissed, as directed by Your Order of June 18, 2007, since on October 31, 2007, an endorsed letter regarding the briefing schedule on the motions for summary judgment in Mahoney II was entered on the docket in this case. Docket Sheet, No. 10.

**KENNEDY, JENNIK & MURRAY, P.C.**
ATTORNEYS AT LAW

November 6, 2007
Page 2

      The related case, Mahoney II, is being actively litigated by the parties. There have been several discovery motions resolved by Magistrate Judge Pitman, and on November 5, 2007, the parties filed motions for summary judgment before Your Honor. Since Mahoney I is pending before Your Honor, and continues to be actively litigated, we request that Mahoney II be continued on the suspense docket pending a resolution of Mahoney I.

      If this request is denied, we request permission to file a motion to restore Mahoney II to the suspense docket as provided by Rule 60(b), Fed. R. Civ. Pr., which permits a court to relieve a party from an order for mistake or excusable neglect provided the motion is made within one year of the order. Here, where Plaintiff's counsel was not served with the Orders, and where the related case is being vigorously prosecuted before Your Honor, equity and justice require that the action be reinstated to the suspense docket. See, Jenning v. Rivers, 394 F.3d 850 (10th Cir. 2005); J.D. Pharmaceutical Distributors, Inc. v. Sav-On-Drugs & Cosmetics Corp., 893 F.2d 1201 (119th Cir. 1990); and Dal Intern. Trading Co. v. Sword Line, Inc., 286 F.2d 523 (2d Cir. 1961).

      Since this case has been on the suspense docket, there is no prejudice to Defendant in continuing or restoring it, particularly since counsel for Defendant was served with the Orders but did not inform counsel for Plaintiff of the need to respond. Defendants do not consent to this request.

      In conclusion, we ask that this letter be considered compliance with this Court's Orders of April 30, and June 18, 2007 directing Plaintiff to clarify the status of this action and the related case, or in the alternative, that Plaintiff be granted permission to move, pursuant to Rule 60(b), Fed. R. Civ. Pr., to continue or reinstate the action to the suspense docket.

Very truly yours,

*Susan M. Jennik*
Susan M. Jennik

cc: Daniel G. Ecker, Esq.

---

*A conference herein is scheduled for 11-30-07 at 3:15 p.m. to address the matter described above by counsel to plaintiff. Counsel should be prepared to address and provide adequate support for the assertion that neither plaintiff nor counsel received the Court's Orders dated 4-30-07 and 6-18-07, and that their*
**SO ORDERED:** *neglect in not responding sooner to these Orders is otherwise excusable.*

11-16-07
**DATE**     **VICTOR MARRERO, U.S.D.J.**